# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326 - 4173

DIANE K. BRIDGE, LAW CLERK
TONIA J. McCOMBS, LAW CLERK
JULIET M. KAESTNER, LAW CLERK

April 11, 2005

Jeffrey M. Wong
Greene & Markley, P.C.
1515 SW Fifth Ave., Suite 600
Portland, OR 97201

Wesley F. McNamara
District Counsel, IRS
620 SW Main Street, Room 312
Portland, OR 97205

M. Jack Fisher
1300 SW Fifth Ave., Suite 1700
Portland, OR 97201

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

APR 1 2 2005

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

Re: <u>In re Fredricksen</u>, Case No. 04-43146-elp13
Ruling on Motion to Dismiss

Dear Counsel:

The purpose of this letter is to rule on the Motion to Dismiss filed by the Internal Revenue Service ("the IRS") on December 27, 2004 in the above referenced chapter 13 case.[1] For the reasons set forth below, I find that Catherine J. Fredricksen ("debtor") is ineligible to be a chapter 13 debtor under § 109(e). I will therefore grant the Motion to Dismiss, subject to debtor's right to convert her case to a case under a different chapter within 14 days of the date of this letter.

Under § 109(e), "[o]nly an individual . . . that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 . . . may be a debtor under chapter 13 . . . ."[2] Failure to meet the eligibility requirements of § 109(e) is "cause" for dismissal of a chapter 13 case under § 1307(c). 8 Lawrence P. King, COLLIER ON BANKRUPTCY ¶ 1307.04 (15th ed. Rev. 2001).

The IRS argues that debtor is ineligible for chapter 13, because her noncontingent, liquidated, unsecured debt exceeds the applicable limit. Debtor's Schedule F (Creditors Holding

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330.

[2] The amounts set forth in § 109(e) are subject to periodic adjustment pursuant to § 104(b). The most recent adjustment was made on April 1, 2004. Debtor filed a chapter 13 petition on December 9, 2004.


Case 04-43146-elp13    Doc 53    Filed 04/12/05

Jeffrey M. Wong
Wesley F. McNamara
M. Jack Fisher
April 11, 2005
Page 2

Unsecured Nonpriority Claims) lists a claim owed to the Internal Revenue Service in the amount of $5,300,000, which she designates as unliquidated. This claim consists of amounts allegedly due for the 1990 - 1999 tax years. The issue in this case is whether the tax debt is liquidated in excess of the § 109(e) limit. Debtor does not contend that the tax debt is contingent.

"[A] debt is liquidated for the purposes of calculating eligibility for relief under § 109(e) if the amount of the debt is readily determinable." In re Slack, 187 F.3d 1070, 1073 (9th Cir. 1999).

> The test for "ready determination" is whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation. Thus, debts arising from a contract are generally liquidated. On the other hand, debts based on unlitigated tort and quantum meruit claims are generally unliquidated because damages are not based on a fixed sum.

In re Nicholes, 184 B.R. 82, 89 (9th Cir. BAP 1995)(citations omitted). "Whether a debt is subject to 'ready determination' depends on whether the amount is easily calculable or whether an extensive hearing is needed to determine the amount of the debt." In re Ho, 274 B.R. 867, 873 (9th Cir. BAP 2002).

Generally, disputes as to a debtor's liability for a debt do not render that debt unliquidated. Slack, 187 F.3d at 1074-75. However, certain liability disputes may render a debt unliquidated. Ho, 274 B.R. at 874-75 (discussing and interpreting Slack). "The issue boils down to whether a dispute over liability or amount precludes the ready determination of a debt." Nicholes, 184 B.R. at 89 (cited with approval in Slack).

> [T]he fact that a claim is disputed does not per se exclude the claim from the eligibility calculation under § 109(e), since a disputed claim is not necessarily unliquidated. So long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute. On the other hand, if the dispute itself makes the claim difficult to ascertain or prevents the ready determination of the amount due, the debt is unliquidated and excluded from the § 109(e) computation.

Id. at 90-91. Accord Ho, 274 B.R. at 875.

Debtor argues that she is eligible to be a chapter 13 debtor, because disputes concerning her liability for and the amount of the tax debt render the entire debt unliquidated. For the reasons explained below, I conclude that debtor has liquidated, unsecured debts in excess of the chapter 13 eligibility limit.

1. Debtor's Liability for the Tax Debt

Debtor argues that the tax debt is unliquidated, because she may be granted relief from liability as an "innocent spouse" pursuant to 26 U.S.C. § 6015. In January 2005, debtor filed in this court a Motion for Determination of Innocent Spouse Relief ("the motion"). She testified at the hearing on the motion to dismiss that she had not requested such relief prior to filing the motion in this court.

"Spouses who file joint returns are jointly and severally liable for the full amount of tax due on their combined incomes." Hayman v. Commissioner, 992 F.2d 1256, 1259 (2d Cir. 1993). Congress enacted what is referred to as the "innocent spouse defense" to mitigate the harshness of this rule in certain circumstances. Id. The innocent spouse defense, which is codified at 26 U.S.C. § 6015, states, in pertinent part, that a taxpayer who meets the specified requirements, "shall be relieved of liability for tax (including interest, penalties, and other amounts) . . . ." 26 U.S.C. § 6015(b)(1)(emphasis supplied).

The fact that debtor may be relieved of liability at some future time pursuant to 26 U.S.C. § 6015 does not render the tax debt unliquidated for purposes of § 109(e) for two reasons. First, the determination of whether a debtor has debt in excess of the limits established in § 109(e) is made as of the petition date. Postpetition events are irrelevant. Slack, 187 F.3d at 1073. Debtor had not even asserted the innocent spouse defense on the petition date.

Second, the fact that debtor has a potential defense to liability does not render the tax debt unliquidated. In In re Sylvester, 19 B.R. 671, 673 (9th Cir. BAP 1982), the Bankruptcy Appellate Panel for the Ninth Circuit held that the existence of defenses or counterclaims does not affect the liquidated nature of a debt.[3] See also In re Crescenzi, 69 B.R. 64, 65 (S.D.N.Y.

---

[3] In analyzing an analogous question under 11 U.S.C. § 303(b), which governs the commencement of involuntary

(continued...)

Jeffrey M. Wong
Wesley F. McNamara
M. Jack Fisher
April 11, 2005
Page 4

1986)(following majority position that existence of potential defenses or counterclaims does not render a debt unliquidated). Even if a debtor has a valid counterclaim for more than the amount of the creditor's claim, the debtor would still not qualify as a Chapter 13 debtor under § 109(e), if the amount of the creditor's claim exceeds the statutory eligibility limit. Sylvester, 19 B.R. at 673.

To the extent debtor relies on In re Ho, 274 B.R. 867 (9th Cir. BAP 2002), that reliance is misplaced. The facts of this case are clearly distinguishable from those of Ho. In Ho, the bankruptcy court determined that a contract debt of a corporation in which the debtor was a minority shareholder was a liquidated debt of the debtor's, despite the fact that the "[d]ebtor was neither a party to the contract nor a guarantor of the debt[.]" Id. at 870. In addition, there was no allegation by the creditor that debtor was individually liable for the debt. The BAP reversed, holding that the debt was not a liquidated debt of the debtor's, given the remote possibility of the debtor becoming individually liable for the corporate debt. In this case, debtor signed the pertinent joint tax returns. Debtor's liability for the tax debt is not, as it was in Ho, "far-fetched." Id. at 873. The general rule that disputes as to a debtor's liability for a debt do not render that debt unliquidated applies in this case.

2. Amount of Liquidated Debt

The unsecured portion of a secured claim is counted as unsecured debt for chapter 13 eligibility purposes. In re Soderlund, 236 B.R. 271, 274 (9th Cir. BAP 1999). Debtor's Schedule D (Creditors Holding Secured Claims) lists a total of $44,151.33 of undersecured claims.[4] In addition, debtor lists a $6,000 liquidated claim owed to Schwabe Williamson & Wyatt PC for legal services on her Schedule F. The total of these two figures is $50,151.33. Therefore, if $257,523.67 of the tax debt was

---

[3](...continued)
bankruptcy proceedings, the Ninth Circuit Court of Appeals refused to net out a debtor's counterclaim against the creditor's claim. In re Seko Inv., Inc., 156 F.3d 1005 (9th Cir. 1998).

[4] This sum is comprised of $7,698.36 owed to the Portland Teachers Credit Union and $36,452.97 owed to the CIT Group Sales/Financing.

Jeffrey M. Wong
Wesley F. McNamara
M. Jack Fisher
April 11, 2005
Page 5

liquidated on the petition date, debtor is ineligible for chapter 13 relief.[5]

The IRS had issued notices of deficiency for the 1990-1999 tax years on the petition date.[6] See Exhibits 4; 5; 11; 12; 15. The amounts allegedly due on the petition date according to those notices far exceeds the § 109(e) eligibility limit for unsecured debt. The IRS urges this court to adopt the rule announced in United States v. Verdunn, 89 F.3d 799 (11th Cir. 1996), in which the court held that the prepetition issuance of a notice of deficiency by the IRS liquidates a debt for taxes and penalties for purposes of § 109(e).[7] In the 11th Circuit, a

---

[5] In a letter dated March 31, 2005, I requested that debtor's counsel advise the court of any reason why the sum of $50,151.33 should not be counted as noncontingent, liquidated, unsecured debt for purposes of determining debtor's eligibility for chapter 13. Debtor's counsel responded to my inquiry in a letter dated April 11, 2000. Debtor concedes that all three debts are noncontingent and that the debt to Schwabe Williamson & Wyatt PC is unsecured and liquidated as well. With regard to the unsecured portions of the debts owed to the Portland Teachers Credit Union ("PTCU") and the CIT Group Sales/Financing ("CIT"), debtor's counsel states that he is not sure if the debts are unliquidated and that "there may be valuation controversies that reduce or eliminate the unsecured portions of the debts . . . reflected in the petition." April 11, 2005 letter from Jeffrey M. Wong, at 1. This argument is not persuasive. Eligibility for chapter 13 is generally determined by using a debtor's schedules without consideration of whether the schedules were ultimately correct or of postpetition events (such as litigation over value or the filing of proofs of claims by creditors), as long as the schedules were filed in good faith. In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001). There is no suggestion that debtor did not file her schedules in good faith.

[6] Debtor has contested the notices of deficiency and three cases are pending in the tax court. In a letter dated February 23, 2005, counsel for debtor requested that the evidentiary record be supplemented to include the tax court dockets. Debtor's counsel states that the IRS consents to debtor's request. The record is hereby supplemented with debtor's exhibits O, P and Q, which were attached to the above referenced letter.

[7] In re Newman, 259 B.R. 914 (Bankr. M.D. Fla. 2001) and
(continued...)

Jeffrey M. Wong
Wesley F. McNamara
M. Jack Fisher
April 11, 2005
Page 6

> liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operation of law. . . . If the amount of the debt is dependent, however, upon a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.

Id. at 802 (citation omitted). The court in Verdunn found that the IRS applies fixed legal standards and established criteria in determining the amount of a tax deficiency and that, as a result, the issuance of a notice of deficiency liquidates a tax debt.

I decline to apply the rule announced in Verdunn, because the test applicable in the Ninth Circuit does not center on whether the determination of the amount of the debt is dependent upon a future exercise of discretion that is unrestricted by specific criteria. As I state above, in the Ninth Circuit, "a debt is liquidated for the purposes of calculating eligibility for relief under § 109(e) if the amount of the debt is readily determinable." Slack, 187 F.3d at 1073. A debt is liquidated if it is capable of "'ready determination and precision in computation of the amount due.'" In re Fostvedt, 823 F.2d 305, 306 (9th Cir. 1987)(quoting Sylvester, 19 B.R. at 673). "Whether a debt is subject to 'ready determination' depends on whether the amount is easily calculable or whether an extensive hearing is needed to determine the amount of the debt." Ho, 274 B.R. at 873.

While the prepetition issuance of notice of deficiency does not per se liquidate a tax debt in the Ninth Circuit for purposes

---

[7](...continued)
In re Brooks, 216 B.R. 838 (N.D. Okla. 1998), both of which are cited by the IRS, follow Verdunn.

The IRS also relies on In re Madison, 168 B.R. 986 (D. Haw. 1994). The court in Madison held that the tax claims, for which notices of deficiency had been issued prepetition, were liquidated. However, that determination was based on all of the facts of the case, including that the debtor had been convicted of tax evasion prepetition. I do not read Madison as adopting a rule of general application like that announced in Verdunn. To the extent Madison does stand for the proposition that a tax debt is necessarily liquidated by the issuance of a notice of deficiency, I would, for the reasons discussed immediately below, decline to follow that approach as inconsistent with the standard for determining whether a debt is liquidated applicable in the Ninth Circuit.

of § 109(e), it does play a role in determining whether the amount of a tax debt is subject to ready determination and thus liquidated. In In re Wenberg, 94 B.R. 631 (9th Cir. BAP 1988), aff'd, 902 F.2d 768 (9th Cir. 1990), the BAP affirmed the bankruptcy court's determination that a debtor's liability for attorney fees and costs arising from prepetition litigation was liquidated, because the amount of the debt could be reasonably determined by examining the attorney's billing statements. Id. at 631.

A notice of deficiency issued by the IRS is akin to the creditor's bill in the Wenberg case. In fact, notices of deficiency are arguably entitled to more weight than a simple contract or bill. Notices of deficiency are presumed correct. See, e.g., Pasternak v. Commissioner, 990 F.2d 893, 897 (6th Cir. 1993). Moreover, as a general rule, a "court does not look behind the notice of deficiency to determine or examine the evidence used, or the propriety of the Commissioner's motives in making the deficiency determinations." Id. at 898. A taxpayer is required to produce specific evidence to refute the presumption of correctness. Buelow v. Commissioner, 970 F.2d 412, 415 (7th Cir. 1992).

The bottom line is that, under the Ninth Circuit's "readily determinable" standard, a court must assess whether a debt asserted in a notice of deficiency is liquidated on a case-by-case basis. Where, as here, the IRS has calculated the amount of a tax debt prepetition and has issued detailed and well-documented notices of deficiency, there must be evidence of the existence of facts rendering the debt incapable of ready determination before that debt should be deemed unliquidated. See In re Ekeke, 198 B.R. 315, 318 (Bankr. E.D. Mo. 1996).

An examination of two discrete components of the tax debt establishes that debtor has readily determinable unsecured tax debt in an amount sufficient to render her ineligible for chapter 13.[8] First, debtor claimed Schedule C business losses of

---

[8] Two of debtor's primary arguments are that components of the tax debt resulting from (1) the bank deposit analysis utilized by the IRS to calculate unreported income and (2) the imposition of fraud penalties are unliquidated. I need not address the merits of these arguments, because the two discrete components of the tax debt discussed above do not involve bank deposit analysis or fraud penalties.

(continued...)

Jeffrey M. Wong
Wesley F. McNamara
M. Jack Fisher
April 11, 2005
Page 8

$108,379, $97,282 and $70,967, for the 1990, 1991 and 1992 tax years, respectively. Exhibits 1, at 2; 2, at 2; 3, at 2. The IRS disallowed these losses, stating as follows in a notice of deficiency:

> Since your Schedule C loss has been recharacterized as a passive loss, it is no longer deductible. Furthermore, you have not verified that you paid or incurred these expenses for a qualified business purpose. And furthermore, you have not demonstrated that this activity has been engaged in for profit and is therefore deductible as a business expense.

Exhibit 4, at 9. On the petition date, the taxes, interest and delinquency and accuracy penalties due as a result of the recharacterization and disallowance of these losses totaled $252,771.65. Exhibit 16, at 8.

Second, in 1993, debtor took a distribution from her IRA. Based on her age at the time of the distribution, debtor should have, but did not, pay a penalty on the distribution. On the petition date, the taxes, interest and delinquency penalties due as a result of the 1993 IRA distribution totaled $15,333.81. Exhibit 16, at 9. The sum of these two figures is $268,105.46, an amount in excess of that required to render debtor ineligible for chapter 13.

Debtor produced no evidence of the existence of specific facts rendering either of these two components of the tax debt unliquidated. Debtor does not argue that the component associated with the IRA distribution is unliquidated. With regard to the amounts allegedly due as a result of the recharacterization of losses for the 1990-1992 tax years, there is no evidence that the losses were not, in fact, passive losses, or that debtor had passive income in those tax years capable of being offset by passive losses.[9]

---

[8](...continued)
I need not, and do not, determine the precise amount of debtor's total tax debt that is readily determinable. All I am determining is that debtor's liquidated, unsecured tax debt renders her ineligible for Chapter 13 under § 109(e).

[9] Losses from passive activities cannot be used to reduce income from nonpassive sources. 5 MERTENS LAW OF FEDERAL INCOME TAXATION § 24C:1 (2005).

Debtor argues that the law concerning passive losses is very complicated, and that "[i]t is possible that the Fredricksens may have some active and some passive losses for any particular year." Supplemental Memorandum in Opposition to IRS's Motion to Dismiss Debtor's Chapter 13 Case, at 4. The issue is whether the amount of a debt is reasonably ascertainable, not whether the law is complicated. Debtor seems to misapprehend the preliminary nature of the § 109(e) inquiry. The determination that a debt is liquidated is not a determination of the precise amount ultimately due to the creditor. Wenberg, 94 B.R. at 635; In re Visser, 232 B.R. 362, 365 (Bankr. N.D. Tex. 1999).

Debtor also argues that

> net operating losses in subsequent tax years can be used to reduce the amount of tax liability for a preceding taxable year that arise from the disallowance of passive losses. Thus, to the extent that the Fredricksens are entitled to additional deductions for Mr. Fredricksen's business (which Ms. Carlson and Ms. Whitney each testified is a possibility), those additional deductions may be able to offset the passive losses claimed by the IRS in tax years 1990 through 1992.

Supplemental Memorandum in Opposition to IRS's Motion to Dismiss Debtor's Chapter 13 Case, at 4. I also find this argument unpersuasive. The possibility of a net operating loss ("NOL") in a subsequent year that could be carried back to one of the three years at issue is too speculative to render this component of the tax debt unliquidated. In addition, even if there were a NOL in a subsequent year that could be carried back, debtor provided no evidence that the amount of any such adjustment would be sufficient to render debtor eligible for chapter 13. Finally, the argument that debtor's liability may be reduced using an NOL is similar to her argument that she may be relieved of liability as an innocent spouse. The potential impact of postpetition events and possible defenses and/or counterclaims do not make a debt unliquidated.

CONCLUSION

Debtor is ineligible for chapter 13 relief, because her noncontingent, liquidated, unsecured debt exceeds the limit set forth in § 109(e). Mr. McNamara shall submit an order directing the clerk to dismiss debtor's chapter 13 case, subject to debtor's right to convert her case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this letter.

Very truly yours,

ELIZABETH L. PERRIS
Bankruptcy Judge